**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
NICOLETTE K. MOSKOS,

      Plaintiff,        **MEMORANDUM
                   AND ORDER**

 - against -

                  02-CV-5167 (JO)

SUFFOLK COUNTY PROBATION
DEPARTMENT, et al.,

      Defendants;

Application of JAMES C. MOSKOS,

      Interested Party.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

  On March 31, 2005, the parties to this action reached an agreement in principle to settle the case. Docket Entry ("DE") 47. Several weeks later, on April 29, 2005, they jointly submitted for my signature a "Stipulation of Dismissal Pursuant to Rule 41(a)(ii) of the Federal Rules of Civil Procedure" that read, in full, as follows:

> IT IS HEREBY STIPULATED AND AGREED, that the parties, Nicolette Moskos, the County of Suffolk, and the Suffolk County Probation Department, by and between their attorneys, voluntarily dismiss the above-referenced matter pursuant to the terms and conditions of correspondence dated April 29, 2005, and received from Defendants by Plaintiff, which shall be incorporated by reference into this STIPULATION.

DE 48. Although the stipulation incorporated the parties' private agreement by reference, the parties did not actually submit the referenced correspondence with their stipulation. Satisfied that the parties had adhered to the agreement in principle reached several weeks earlier, I signed the stipulation. Ordered dated May 2, 2005.

  On May 5, 2008, James C. Moskos filed an application to re-open the case for the limited purpose of having me entertain a motion to authorize the defendants, all of whom are represented

by the office of the Suffolk County Attorney (and to whom I shall refer collectively as the "County"), to disclose to him the amount of money that the defendants paid to the plaintiff pursuant to the settlement.  DE 49.  Mr. Moskos is the plaintiff's former spouse, having divorced her during the pendency of this action, and his counsel represented that in early 2007, Mr. Moskos commenced an action in state court "seeking, among other things, a declaratory judgment, compelling the Plaintiff to convey 25% of her settlement proceeds from [this] action." *Id*. at 1.  The application included as an exhibit a letter from the County's attorney consenting to disclose the settlement amount provided that the plaintiff and Mr. Moskos execute a confidentiality agreement between themselves, and further provided that I approve the disclosure. DE 49-2.  On May 6, 2008, I granted the application to re-open the case for the limited purpose of allowing Mr. Moskos to move for the substantive relief he sought.  Order dated May 6, 2008.

Mr. Moskos did nothing further for almost six months.  Then, on October 30, 2008, he filed a motion asking me to enter an order authorizing the County to disclose the settlement amount.  DE 50.  I directed each party to this case to respond to the motion in writing no later than November 7, 2008, and I further ordered Mr. Moskos's counsel to serve a copy of my order on both the attorney representing the plaintiff in this action and her counsel in the separate state court action.  Order dated October 31, 2008.  No party complied with that directive.  However, on December 22, 2008, the plaintiff (represented by her counsel in the state court action) filed a letter opposing the requested relief and asking to be heard further.  DE 51.

I now deny the motion as moot.  Any agreement between the County and Ms. Moskos is private, and not subject to my oversight.  Although they filed their stipulation of dismissal "pursuant to" their private agreement and referenced its terms in doing so, I did not in any way

2

endorse or adopt the parties' terms in ordering the action dismissed – I simply dismissed the action at the joint request of the parties. Nor am I aware of anything in the parties' private agreement that gave this court continuing jurisdiction to enforce its terms (or that could do so without my approval in my capacity as presiding judge pursuant to 28 U.S.C. § 636(c)). Presumably, if one party to that contract purposed to violate any confidentiality agreement it may include, the party opposing such disclosure could seek injunctive relief in state court; similarly, if the disclosure had already occurred, the aggrieved party could seek redress for the breach in state court.[1]

I have never ordered any party in this case to maintain a secret about the terms of the settlement. If either party wishes to disclose the amount of the settlement, it is free to do so subject to whatever private agreement with others it may have entered and the validity of any such agreement (a matter that is decidedly not now before me). If any party wishes to maintain the secrecy of that amount, it cannot reasonably do so on the ground that it is bound by an order of this court, regardless of any obligation (or right) to do so that may derive from some other source. As a result, no order that I could issue would change the legal rights or responsibilities of

---

[1] I need not and do not speculate as to whether this court would have ancillary jurisdiction that would permit the removal of such an enforcement action in state court. I note, however, that the Supreme Court has made it clear that the existence of a settlement does not, in itself, create any independent basis for a federal court to exercise subject matter jurisdiction over a dispute. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34 (2002) ("[28 U.S.C.] Section 1441 requires that a federal court have original jurisdiction over an action in order for it to be removed from a state court. The All Writs Act, alone or in combination with the existence of ancillary jurisdiction in a federal court, is not a substitute for that requirement."); *see also Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 128 (2d Cir. 2007) (noting that the Supreme Court has "held that a federal court did not maintain ancillary jurisdiction to hear disputes over a settlement agreement that was not entered as an order of the court") (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994))

either the movant or any party to this action. In such circumstances, there is no live case or controversy before this court, and I therefore lack any authority to grant the requested relief. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (constitutional standing requirement requires that the party seeking relief must demonstrate the existence of an injury that "will be 'redressed by a favorable decision'") (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 43 (1976)); *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) ("'Federal courts are without power to decide questions that cannot affect the rights of litigants before them.'") (quoting *North Carolina v. Rice,* 404 U.S. 244, 246 (1971)).

For the reasons set forth above, I deny as moot the motion of James C. Moskos for an order authorizing the defendants to reveal the amount they paid the plaintiff in settlement. Nothing in this order, or in any other order in this case, compels, authorizes, or forbids any party to reveal such information. I respectfully direct the Clerk once again to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
December 22, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge